**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| LUIS ALBERTO RUIZ-DIAZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action |
| v. | ) | No. 26-12512-IT |
| | ) | |
| TODD BLANCHE, Acting Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

June 4, 2026

TALWANI, J.

Luis Alberto Ruiz-Diaz, an inmate at Federal Medical Center, Devens, in Massachusetts, filed *pro se* a motion entitled "Motion to Receive All FSA Credits as Petition is Eligible, and Review of Final Order of Removal" in the United States Court of Appeals for the First  Circuit. See Ruiz-Diaz v. Blanche, No. 26-1415 (1st Cir. Apr. 16, 2026). The government filed a motion for summary disposition. On June 2, 2026, the Appeals Court found that Petitioner's motion "raises issues pertaining to prison-time credits and immigration matters," transferred it to the District of Massachusetts to determine in the first instance whether the petition may be "entertained as a habeas petition of some sort and/or whether the [Petition] may be construed as some other type of filing within the jurisdiction of the district court[,]" and denied the government's motion as moot in light of that transfer. Judgment, Ruiz-Diaz v. Blanche, No. 26-1415 (1st Cir. June 2, 2026).

Petitioner's motion was entered on the District Court docket as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1 at 5 - 6]. Petitioner states that "he is eligible for [First Step Act ("FSA")] Time Credits, the official records at the FMC-Devens and BOP

regional shows that he is eligible, but the FMC-Devens Administration want[s] to take them away." Id. at 5. Petitioner further states that he "was told by the FMC-Devens Administration that he has a final order of removal and a[n] ICE Detainer." Id. Petitioner requests "a review of both [the final order of removal and the denial of FSA credits]. Id.

Under the REAL ID Act, a federal district court generally is without jurisdiction to entertain a challenge to a removal order. 8 U.S.C. § 1252. Review of an immigration judge's removal order, if available, is reserved for the Board of Immigration Appeals ("BIA"), and any appeal from there is to the court of appeals for the circuit where the immigration judge completed the proceedings. Motions to reopen or reconsider a BIA decision may be filed with the BIA; and motions to reopen, reconsider, or a cancel a removal order may be filed with the immigration judge who issued the decision. See generally 8 U.S.C. §§ 1229b, 1252(a)(5), (b)(2), (b)(9); 8 C.F.R. §§ 1003.2, 1003.23, 1003.38. In sum, this court has no jurisdiction to entertain a challenge to Petitioner's removal order.

The court does have jurisdiction to determine Petitioner's claim for good time credits. Because a federal prisoner who is subject to a final order of removal is ineligible for the application of FSA time credits, see 18 U.S.C. § 3632(d)(4)(E)(i), and it is undisputed that Petitioner is subject to a final order of removal, Petitioner is not entitled to good time credits.

Accordingly, it is hereby ORDERED that the Motion to Receive All FSA Credits as Petition is Eligible, and Review of Final Order of Removal [Doc. No. 1] is denied. The Clerk shall enter a final order of dismissal.

SO ORDERED.

DATE: June 4, 2026                    /s/ Indira Talwani
                                       INDIRA TALWANI
                                       UNITED STATES DISTRICT JUDGE

2